## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| JOHN T. CLORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:17-cv-00026-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Andrew Saul, Commissioner of SSA*,[1] | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Plaintiff John T. Clore brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On May 30, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 20).

Clore's counsel, Attorney Ann Tryznka ("Counsel") now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $32,062.75 for her representation of Clore in federal court, less an offset for the $11,000 in attorney fees previously received by Counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF 25). The Commissioner filed a response indicating that he does not object to the amount sought in the motion. (ECF 26). Therefore, the motion is ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Andrew Saul is now the Commissioner of Social Security, *see, e.g., Saunders v. Saul*, 777 F. App'x 821 (7th Cir. 2019); *Michael T. v. Saul*, No. 19 CV 1519, 2019 WL 3302215, at *1 n.2 (N.D. Ill. July 23, 2019), and thus, he is automatically substituted for Nancy Berryhill in this case, *see* Fed. R. Civ. P. 25(d).

### A. *Factual and Procedural Background*

On December 1, 2016, Counsel entered into a Federal District Court Fee Agreement (the "Fee Agreement") with Clore for her representation of him in federal court.[2] (ECF 25-1 at 33-34). The Fee Agreement provides that Counsel will receive twenty-five percent of any past due benefits awarded to Clore and his family in the event his disability appeal is successful. (*Id.* at 33).

On January 23, 2017, Clore filed the instant action in this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). On May 30, 2018, this Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the case to the Commissioner for further proceedings. (ECF 20).

On September 4, 2018, the Commissioner filed a stipulation to an award of attorney fees under the EAJA in the amount of $11,000, for the 58.3 hours that Counsel spent advocating Clore's claim in federal court. (ECF 22, 23). The Court then granted the stipulated motion, ordering the Commissioner to pay the requested EAJA fee award to Clore. (ECF 24).

On September 12, 2019, the Commissioner sent a notice of award to Clore, informing him that he was entitled to monthly supplemental security income as of January 2017 and back payments in the amount of $16,016. (ECF 25-1 at 17). On February 17, 2020, the Commissioner sent another notice of award to Clore, informing that he was also entitled to monthly disability insurance benefits beginning May 2014 and past-due benefits in the amount of $121,529. (ECF 25-1 at 9-11).

The following month Counsel filed the instant motion, together with a memorandum and

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

supporting evidence, seeking fees under § 406(b) in the amount of $32.062.75 for the 58.3 hours Counsel spent advocating Clore's appeal in federal court. (ECF 25, 25-1, 25-2). Counsel acknowledges that the previously awarded EAJA fees of $11,000 should be offset from the § 406(b) award. (ECF 25 at 1).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

*C. Discussion*

The Court is charged with determining whether Counsel's requested fee of $32,062.75 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Clore was awarded $121,529 in past-due disability insurance benefits and $16,016 in back payments of supplemental security income. Thus, the fee amount that Counsel requests, $32,062.75, does not exceed twenty-five percent of Clore's past-due benefits.

4

Counsel contends that the requested fee award of $32,062.75 is reasonable for the 58.3 hours she spent representing Clore in federal court. The Court acknowledges Counsel's significant experience in the field of Social Security law, and that Counsel obtained a good result for Clore. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). In doing so, Counsel requested just one thirty-day extension (ECF 13) and thus did not contribute to any significant delay of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

Also, the risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $32,062.75 divided by the 58.3 hours she spent on the

case in federal court equates to an effective rate of about $550 per hour.[5] As such, Counsel's requested fee equates to an effective rate within the range frequently awarded by this Court, *see, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour).

Accordingly, Counsel's requested fee award of $32,062.75 under § 406(b) will be authorized by this Court, but will incorporate an offset for the $11,000 in EAJA fees previously received by Counsel, reducing the fee award to $21,062.75. *See Gisbrecht*, 535 U.S. at 796.

### *D. Conclusion*

For the foregoing reasons, Clore's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 25) is GRANTED, except that the requested fee of $32,062.75 is reduced to $21,062.75 to offset the $11,000 in EAJA fees previously received by Counsel.

SO ORDERED.

Entered this 6th day of April 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").